# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2623 | **DATE** | 4/22/2003 |
| **CASE TITLE** | George L. Hunt, Jr. vs. Barbara Shuttleworth Lastowski, et | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly the complete diversity required for nearly tow centuries (see Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)) is lacking. Both the complaint and this action are dismissed for lack of subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | APR 24 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 2 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 4/23/2003 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE L. HUNT, JR., )
)
        Plaintiff, )
)
v. ) No. 03 C 2623
)
BARBARA SHUTTLEWORTH LASTOWSKI, )
et al., )
)
        Defendants. )

DOCKETED
APR 2 4 2003

MEMORANDUM OPINION AND ORDER

George Hunt, Jr. ("Hunt") has just filed this action against three individuals, three corporations and partnership Council Company ("Council"), purporting to invoke federal jurisdiction on diversity of citizenship grounds. As our Court of Appeals periodically reminds us--Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986) is a good example:

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

This Court has done so, and it dismisses this action sua sponte for lack of subject matter jurisdiction.

No federal judge can help but be amazed--indeed, dismayed--by how many lawyers fail to do their homework as to the ABCs of federal jurisdiction (or, where no homework is called for because of the obviousness of the matter, fail even to think about the subject). Maybe the most common such failing in diversity cases is the lawyers' disregard of the principle that citizenship is by definition the relevant status of each party, framing their



complaints' allegations instead in terms of residence. On that score Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998), quoting Guaranty Nat'l Title Co. v. J.E.G. Assocs., 101 F.3d 57, 59 (7th Cir. 1996) directs:

> Of course, allegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."

Here Hunt's counsel has committed that error as to all four of the individual parties (Complaint ¶¶4 and 5). But because an individual's states of residence and citizenship so often coincide (though that is not always the case), this Court's regular practice where that is the only problem posed by a complaint is to avoid sticking a plaintiff with another $150 filing fee by instead giving plaintiff's counsel a short period of time within which to cure the flaw if possible.

This time that opportunity should not and will not be provided, however, because of the additional--and noncurable--mistake involving Council. Here is what purports to be the relevant allegation about that party's status in Complaint ¶7:

> At all times relevant, Council was and is a partnership with its principal place of business located at 4117 N. Kilpatrick in Chicago, Cook County, Illinois.

But nearly innumerable cases (of which Carden v. Arkoma Assocs., 494 U.S. 185 (1990) is perhaps the most prominent example) hold that for an unincorporated association such as a partnership, its place of formation and the location of its principal place of

2

business are totally irrelevancies--that the relevant states of citizenship are those of each of its partners. And in this instance that puts Hunt (a 50% partner in Council), with his presumed Colorado citizenship, on both sides of the litigation.[1]

Accordingly the complete diversity required for nearly two centuries (see Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)) is lacking. Both the Complaint and this action are dismissed for lack of subject matter jurisdiction.

_/s/ Milton I. Shadur_
Milton I. Shadur
Senior United States District Judge

Date: April 22, 2003

---

[1] It doesn't matter, of course, of just what state Hunt is a citizen. In all events there is one identical state of citizenship on each side of the "v." in the case caption.